UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MARIA L. RODRIGUEZ,

        Plaintiff,                  Case No.
                                          Hon.

vs.

CLARIOS LLC,
a Wisconsin limited liability company,

        Defendant.

_____/

Brian J. Farrar (P79404)
Noah C. Peltier (P89215)
Attorneys for Plaintiff
STERLING ATTORNEYS AT LAW, P.C.
33 Bloomfield Hills Pkwy., Ste. 250
Bloomfield Hills, MI 48304
(248) 644-1500
bfarrar@sterlingattorneys.com

_____/

## COMPLAINT AND JURY DEMAND

Plaintiff, Maria L. Rodriguez, by her attorneys Sterling Attorneys at Law,

P.C., for her Complaint against defendant, submits the following:

## JURISDICTION AND PARTIES

1. This is an action for violations of the Family and Medical Leave

Act, 29 USC 2601 *et seq.* (FMLA), and the Michigan Persons with Disabilities

Civil Rights Act, MCL 37.1101, *et seq.* (PWDCRA) arising out of plaintiff's

employment relationship with defendant.

2.    Plaintiff Maria L. Rodriguez ("Rodriguez") is a resident of Saugatuck, Michigan, within the Western District of Michigan.

3.    Defendant Clarios, LLC ("Clarios") is a Wisconsin limited liability company maintaining a place of business in Holland, Michigan, within the Western District of Michigan.

4.    The events giving rise to this claim primarily took place at the company's Meadowbrook Plant, located in Holland Michigan, within the Western District of Michigan.

5.    Defendant Clarios is an employer, and plaintiff was an employee, as defined by the FMLA and the PWDCRA.

6.    This Court has jurisdiction over plaintiff's federal law claims pursuant to 28 USC 1331.

7.    This Court has supplemental jurisdiction over plaintiff's state law claim under 28 USC 1367.

8.    Venue is proper in this district under 28 USC 1391(b)(2) because a substantial part of the events giving rise to this claim occurred in this judicial district.

## BACKGROUND FACTS

9.    Clarios hired Rodriguez as an assembler at Clarios's Meadowbrook on August 22, 2011.

10. Clarios promoted Rodriguez to processing technician on April 19, 2022.

11. In recognition of her superior performance, Clarios assigned Rodriguez duties that exceeded those of typical processing technicians.

12. For example, in addition to building, assembling, and presenting projects, Rodriguez was also responsible for selecting and ordering parts required for the company, and training new employees; duties not shared by any other processing technician or member of her team.

13. Throughout Rodriguez's employment with Clarios she was an excellent and loyal employee.

14. Every year from 2022-2025, Rodriguez received either "meets expectation," or "exceeds expectations" in every employee evaluation performed by the company.

15. Rodriguez was diagnosed with severe depression in 2020.

16. Rodriguez requested approval for FMLA leave on or about September 12, 2025 to seek treatment for her severe depression.

17. Clarios approved Rodriguez's request to take intermittent FMLA leave between September 15, 2025 and February 1, 2026.

18. Rodriguez began taking approved intermittent FMLA leave on or about September 25, 2025.

19. Rodriguez qualified for protections under the FMLA.

20.    Between September 2025 and January 2026 Rodriguez took approved FMLA leave up to three times a week.

21.    During this period Rodriguez continued to perform her job duties exceptionally.

22.    On January 23, 2026, Rodriguez submitted a request for renewal of FMLA leave, which Clarios accepted on January 28, 2026.

23.    Rodriguez resumed intermittent use of FMLA leave on or about February 23, 2026.

24.    On or about Thursday March 19, 2026, Rodriguez was on approved FMLA leave when a Clarios human resources representative reached out to her over text requesting a meeting that day.

25.    Clarios immediately retracted its request for a meeting with a message saying, "never mind didn't realize you used FMLA."

26.    When Rodriguez inquired about the nature of the meeting, Clarios told Rodriguez that they were reaching out to her for information, and she provided the information.

27.    The next day, March 20, 2026, Clarios called Rodriguez to a meeting with HR and her supervisor and terminated her.

28.    Clarios had recently acquired a new contract with Ford to produce batteries.

29.    Rodriguez was the only person laid off in her team of eight.

30.     Rodriguez's termination was due to her use of FMLA leave.

## CAUSE OF ACTION

### *Count I - Family and Medical Leave Act Violations*

31.     Plaintiff incorporates the preceding paragraphs by reference.

32.     Plaintiff is an employee and defendant is an employer as defined in the Family and Medical Leave Act (FMLA), 29 USC 2611(2), (4).

33.     Plaintiff was an "eligible employee" as defined in the FMLA, 29 USC 2611(2), at all relevant times:

> A.     plaintiff worked for the defendant for over 12 months;
>
> B.     plaintiff performed at least 1,250 hours of work for defendant in the 12 months preceding her use of FMLA leave;
>
> C.     defendant employs at least 50 employees within a 75-mile radius of plaintiff's worksite.

34.     At relevant times, plaintiff was engaged in an activity protected by the FMLA.

35.     At relevant times, defendant knew the plaintiff was exercising her rights under the FMLA.

36.     Defendant willfully violated the FMLA by interfering with plaintiff's attempt to take FMLA leave and/or retaliating against plaintiff for exercising her rights under the FMLA.

5

37.     Defendant's conduct denied plaintiff the opportunity for continued employment and adversely affected her compensation, terms, conditions, and privileges of employment in violation of the FMLA.

38.     As a direct and proximate result of defendant's conduct, plaintiff has suffered and will continue to suffer the following injuries:

      A.     loss of employment;

      B.     loss of compensation;

      C.     loss of the value of fringe benefits;

      D.     loss of earning potential; and

      E.     other incidental and consequential damages, including attorney fees.

### *Count II – Disability Discrimination under the MPWDCRA*

39.     Plaintiff incorporates the preceding paragraphs by reference.

40.     Plaintiff is a person with a disability as defined by the Michigan Persons with Disabilities Civil Rights Act, MCL 37.1101, *et seq.*

41.     Plaintiff also has a record of a disability and was regarded as having a disability as defined by and within the meaning of Michigan's Persons with Disabilities Civil Rights Act, MCL 37.1101, *et seq.*

42.     Defendant knew or had reason to know of plaintiff's disability.

43.     Plaintiff was qualified for her position.

44.     Defendant was predisposed to discriminate on the basis of plaintiff's disability and acted in accordance with that predisposition.

45.     Defendant discriminated against plaintiff with respect to the terms, conditions, and privileges of her employment because of plaintiff's disability, record of a disability, and/or because they regarded her as disabled.

46.     Defendant treated similarly situated non-disabled employees more favorably than plaintiff.

47.     Defendants failed to accommodate plaintiff and terminated her on the basis of her disability.

48.     Defendant's alleged reason for firing plaintiff was a pretext for disability discrimination.

49.     Defendant's discrimination denied plaintiff the opportunity for continued employment and adversely affected her compensation, terms, conditions, and privileges of employment in violation of the Michigan Persons with Disabilities Civil Rights Act, MCL 37.1101, *et seq*.

50.     As a direct and proximate result of defendant's discriminatory conduct, plaintiff has suffered injuries and is entitled to:

  A. compensation for her loss of wages;

  B. compensation for loss of fringe benefits;

  C. compensation based on her earning potential;

  D. emotional distress damages;

E.     other incidental and consequential damages, including attorney fees.

## RELIEF REQUESTED

For all the foregoing reasons, plaintiff Maria L. Rodriguez demands judgment against defendant as follows:

**A.     Legal Relief:**

1. Compensatory damages in whatever amount she is found to be entitled;

2. Exemplary damages in whatever amount she is found to be entitled;

3. Liquidated damages in whatever amount she is found to be entitled;

4. A judgment for lost wages and benefits in whatever amount she is found to be entitled;

5. An award of interest, costs and reasonable attorney fees; and

6. Whatever other legal relief appears appropriate at the time of final judgment.

**B.     Equitable Relief:**

1. An award of interest, costs and reasonable attorney fees; and

2. Whatever other equitable relief appears appropriate at the time of final judgment.

## JURY DEMAND

Plaintiff Maria L. Rodriguez, by her attorneys Sterling Attorneys at Law, P.C., requests a trial by jury.

Respectfully submitted,

STERLING ATTORNEYS AT LAW, P.C.

By:   /s/Brian J. Farrar
       Brian J. Farrar (79404)
       Noah C. Peltier (89215)
       Attorneys for Plaintiff
       33 Bloomfield Hills Pkwy., Ste. 250
       Bloomfield Hills, MI 48304
       (248) 644-1500

Dated: May 5, 2026